**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2024 CA 0104

JARED ARTHUR CUNNINGHAM

VERSUS

BORDEN DAIRY COMPANY OF TEXAS, LLC, DAIRY FARMERS
OF AMERICA, INC., ENTERGY LOUISIANA, LLC AND CHUBB
CUSTOM INSURANCE COMPANY

*DATE OF JUDGMENT:*    DEC 0 6 2024

ON APPEAL FROM THE NINETEENTH JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA
NUMBER C681901, SECTION 22

HONORABLE BEAU HIGGINBOTHAM, JUDGE

* * * * * *

L. Clayton Burgess
Liza R. Trahan
Cole H. Delcambre
Lafayette, Louisiana

Counsel for Plaintiff-Appellant
Jared Arthur Cunningham

Christopher K. Jones
Tori S. Bowling
Chelsea A. Payne
Brandi A. Barze
Baton Rouge, Louisiana

Counsel for Defendants-Appellees
Borden Dairy Company of Texas,
LLC, and ACE American Insurance
Company

* * * * * *

BEFORE: THERIOT, CHUTZ, AND HESTER, JJ.

Disposition: AFFIRMED.

**Chutz, J.**

In this personal injury suit, plaintiff, Jared Arthur Cunningham, appeals the dismissal of his claims against defendants, Borden Dairy Company of Texas, LLC (Borden) and Ace American Insurance Company (collectively, defendants). We affirm.

## FACTUAL AND PROCEDURAL HISTORY

At approximately 6:00 p.m. on July 2, 2018, plaintiff was seriously injured when he sustained an electrical shock while on the roof of an abandoned building in Baton Rouge, Louisiana. The building was part of the former site of a processing plant owned by Borden (the Borden property). Defendants do not dispute the building was littered with broken glass and other trash and was in poor condition, including a partially-collapsed roof and deteriorated walls, joists, and ceilings. In July 2017, Borden was sent a notice letter from the East Baton Rouge City/Parish Department of Development, Neighborhood Improvement Section (EBRP) directing Borden to either repair or demolish the building by August 11, 2017. Given the poor state of the Borden property at the time of plaintiff's July 2018 accident, it is apparent Borden had not taken any action pursuant to this notice as of that time.

Entergy Louisiana, LLC (Entergy) provided electrical service to the Borden property. Several electrical 500 kVA transformers owned and maintained by Entergy were located on the roof of the Borden building. The transformers were enclosed by a six-foot-high chain link fence, with an extension consisting of three strands of barbed wire. There was a sign on the fence stating, "DANGER HIGH VOLTAGE." The gate to the enclosure was normally locked. Sometime in 2017, Entergy advised Borden it would no longer service the transformers because of concerns about the safety of its workers, who could only access the transformers by going through the dilapidated building.

2

In his deposition, plaintiff testified he and his friend, Matthew Todd Kelly (Kelly), went to the Borden property on the day of the accident to inquire about an online posting for various jobs. They entered the property through a knocked-down gate. Plaintiff indicated he believed he had permission to be on the property to apply for a job due to the online posting, which included the address of the Borden property. Plaintiff was unable to provide any further details about how the accident causing his injuries occurred because he testified the accident caused him to suffer memory loss.

Kelly was the only other person present at the time of the accident. In a sworn statement given several weeks after the accident, he gave the following account. Kelly and plaintiff went to the Borden property to inquire about available jobs. When they heard sounds of work activities coming from the back of the property, they proceeded through the open front gate. Kelly indicated they went onto the roof of the building where the transformers were located to get a better view of the property's layout to aid them in finding someone to talk to about a job. While on the roof, Kelly suddenly heard "this really loud like thunderous lightening [sic] crack." Upon turning around, he saw plaintiff falling down face forward. Kelly grabbed plaintiff's ankle and pulled him to the stairs they had just ascended. Plaintiff went into seizures and rolled down the stairs. Kelly called 911 and guided emergency responders to plaintiff upon their arrival. Plaintiff was transported to a local hospital and treated for his injuries.

On April 11, 2019, plaintiff filed a personal injury suit against Borden, Entergy, Dairy Farmers of America, Inc. (DFOA), and Chubb Custom Insurance Company (CCIC), as Borden's liability insurer. Subsequently, plaintiff filed an amended petition in which he corrected the name of Borden's liability insurer from CCIC to Ace American Insurance Company (Ace), added Liberty Mutual

3

Underwriters, Inc. as an additional defendant, in its capacity as Borden's excess insurer, and dismissed its claims against DFOA, without prejudice.

Defendants filed a motion for summary judgment on the issue of liability. Defendants argued they were entitled to immunity under La. R.S. 14:63(H)[1] since plaintiff was trespassing on the Borden property at the time of his injury and, moreover, plaintiff could not prove all the essential elements of his claim. Borden also filed a second motion for summary judgment raising a peremptory exception of *res judicata* based on an order issued in bankruptcy proceedings it had instituted in federal court. Plaintiff filed a cross-motion for summary judgment on the issue of liability. Plaintiff also filed an exception of lack of subject matter jurisdiction regarding Borden's motion for summary judgment based on *res judicata*, arguing any interpretation of the effect of a bankruptcy court's order was a matter for that court.

Following a hearing, the district court signed a judgment on September 25, 2024, granting both the motion for summary judgment filed by defendants on liability and the motion for summary judgment filed by Borden on the issue of *res judicata*. The judgment dismissed all of plaintiff's claims against defendants, with prejudice, and denied plaintiff's motion for summary judgment. Plaintiff now appeals.

## SUMMARY JUDGMENT LAW

A motion for summary judgment shall be granted only if the motion, memorandum, and supporting documents admitted for purposes of the motion for

---

[1] This statute, which deals with criminal trespass, provides:

> The provisions of any other law notwithstanding, **owners, lessees, and custodians** of structures ... or immovable property **shall not be answerable for damages sustained by any person who enters upon the structure ... or immovable property without express, legal or implied authorization** ... however, the owner, lessee or custodian of the property may be answerable for damages only upon a showing that the damages sustained were the result of the intentional acts or gross negligence of the owner, lessee or custodian. (Emphasis added.)

4

summary judgment show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3) & (4). On appeal, appellate courts review the grant or denial of a motion for summary judgment *de novo* under the same criteria governing the district court's consideration of whether summary judgment is appropriate. ***Succession of Abram***, 22-0639 (La. App. 1st Cir. 1/10/23), 2023 WL 142388, *2, <u>writ not considered</u>, 23-00318 (La. 4/25/23), 359 So.3d 983.

The burden of proof rests with the mover. But if the moving party will not bear the burden of proof at trial on the issue before the court on the motion, the moving party's burden is satisfied by pointing out an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. La. C.C.P. art. 966(D)(1). Thereafter, if the adverse party fails to produce factual evidence sufficient to establish the existence of a genuine issue of material fact, the mover is entitled to summary judgment as a matter of law. La. C.C.P. art. 966(D)(1); ***Succession of Abram***, 2023 WL 142388 at *2.

**DISCUSSION**

We will first consider the district court's granting of defendants' motion for summary judgment on the issue of liability. In a single assignment of error, plaintiff argues the district court erred in granting summary judgment when several genuine issues of material fact existed. According to plaintiff, these issues include: the cause of his accident; whether he was an invitee and/or had implied permission to enter the Borden property to apply for a job; whether Borden was negligent in maintaining its property; and whether Borden was grossly negligent in failing to take any action to prevent plaintiff's injuries despite knowing about the dangerous condition of the Borden property and the transformers.

5

In his petition, plaintiff asserted claims against defendants based on both negligence under La. C.C. art. 2315[2] and premises liability under La. C.C. arts. 2317 and 2317.1.[3] A negligence claim typically focuses on whether the defendant's conduct in allowing an unreasonably dangerous condition to exist on his premises is negligent, while a premise liability claim focuses on whether the thing itself is defective, *i.e.*, unreasonably dangerous. Regardless of whether a claim arises in negligence under La. C.C. art. 2315 or in premises liability under La. C.C. arts. 2317 and 2317.1, the defendant's liability is determined under the same duty/risk analysis. See *Farrell v. Circle K Stores, Inc.*, 22-00849 (La. 3/17/23), 359 So.3d 467, 473. To impose liability, the plaintiff must prove: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of duty element); and, (5) actual damages (the damages element). *Farrell*, 359 So.3d at 473. The failure to prove any one of these essential elements is fatal to a plaintiff's claims. See *Woods v. Winn-Dixie Stores, Inc.*, 22-0191 (La. App. 1st Cir. 9/16/22), 353 So.3d 182, 191.

At trial, plaintiff would bear the burden of proving the elements of his claims against defendants. Thus, to prevail on summary judgment, defendants were required to show an absence of factual support for any of the elements of plaintiff's

---

[2] Article 2315(A) provides: "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."

[3] Article 2317.1 provides:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

cause of action. See La. C.C.P. art. 966(D)(1); *Farrell*, 359 So.3d at 473. While defendants acknowledge the poor condition of the Borden property, they argue plaintiff cannot establish the accident was caused by the Borden property's condition or any alleged structural defects therein.

In support of their motion for summary judgment, defendants pointed out that plaintiff failed to identify any specific unreasonably dangerous condition or defect causing his injury, but instead broadly alleged the condition of the Borden property posed an unreasonable risk of harm. Defendants presented plaintiff's own deposition testimony to show he was unable to establish the cause-in-fact element since he was unable to recall how the accident occurred. Additionally, defendants presented the sworn statement Kelly gave shortly after the accident, which revealed he did not observe how the accident occurred and was unable to provide any information regarding its cause. Defendants also presented the deposition testimony of Richard Tholburn, a line supervisor employed by Entergy for forty years. Mr. Tholburn testified he had never seen a primary conductor, such as the rooftop transformers, arc[4] a distance of eight to twelve feet from the wire, and a person would have had to have been inside the gate in the fenced area surrounding the transformers to be "electrocuted."

Based on our review, we find defendants successfully pointed out an absence of factual support for the cause-in-fact element of plaintiff's claims. At that point, the burden shifted to plaintiff to produce factual support sufficient to satisfy his evidentiary burden of establishing cause-in-fact at trial. See La. C.C.P. arts. 966(D)(1) and 967(B); *Bass v. DISA Global Solutions, Inc.*, 24-0024 (La. App. 1st Cir. 7/24/24), _____ So.3d _____, 2024 WL 3517677, *4.

---

[4] An electrical arc is "a sustained luminous discharge of electricity across a gap ...." See *Arc*, *Merriam-Webster*, https://www.merriam-webster.com/dictionary/arc (last accessed November 22, 2024).

7

To establish cause-in-fact, a plaintiff must prove a cause-and-effect relationship between a defendant's conduct and the plaintiff's injuries. The cause-in-fact test requires that "but for" the defendant's conduct, the plaintiff would not have sustained the injuries. Although the cause-in-fact inquiry is a factual determination best made by the factfinder, summary judgment may be appropriate when there is no evidence to show that the cause-in-fact element has been met. **Bass**, ____ So.3d at ____, 2024 WL 3517677 at *3.

In opposition to defendants' motion, plaintiff presented evidence regarding the poor condition of the Borden property and Borden's knowledge of its condition, including the EBRP notice letter directing Borden to either repair or demolish the buildings on the property. Plaintiff also relied on the fact that Entergy had advised Borden sometime in 2017 that it would no longer service the transformers due to the safety concerns raised by the necessity for Entergy's workers to proceed through the dilapidated building to access the rooftop transformers.

In his petition, plaintiff alleged his injuries were caused by an arc flash from the rooftop transformers. The only evidence plaintiff offered in support of this allegation was his own deposition testimony that "it's possible" he was injured by an arc flash. Plaintiff admitted he had no recollection of how he was injured. He testified he did not remember "pretty much anything" after entering the gate to the Borden property and was "clueless [about] what happened." Moreover, we note plaintiff has presented no expert testimony or other evidence to support his speculative allegation that his injuries were caused by an arc flash.

Once the burden of proof shifts to the plaintiff on a motion for summary judgment, he may not rest on the allegations of his pleadings. La. C.C.P. art. 967(B). Instead, the plaintiff's response by admissible evidence, must set forth specific facts showing there is a genuine issue for trial. **McCoy v. Manor**, 18-1228 (La. App. 1st Cir. 5/9/19), 277 So.3d 344, 348. Mere speculation will not defeat a motion for

8

summary judgment. Conclusory allegations, improbable inferences, and unsupported speculation are insufficient to create a genuine issue of material fact. The essential element of causation must be established beyond the point of speculation. ***Bass***, ___ So.3d at ___, 2024 WL 3517677 at *5.

Plaintiff herein presented no evidence to establish the cause-in-fact of his injuries beyond his speculative allegation that his injuries were caused by an arc flash. Relying exclusively on the poor condition of the Borden property to establish it was unreasonably dangerous, plaintiff alleges he was injured by an arc flash without providing any supporting evidence. Absent a *res ipsa loquitur* situation, however, the mere occurrence of an accident does not give rise to a presumption of negligence.[5] ***Bruno v. Blue Bayou Water Park, LLC***, 23-0675 (La. App. 1st Cir. 12/29/23), 381 So.3d 802, 808.

Accordingly, because plaintiff failed to produce factual support sufficient to establish he would be able to satisfy his evidentiary burden of proving the cause of his injuries at trial, there is no genuine issue of material fact regarding this issue. Plaintiff's inability to establish the accident was caused either by defendants' negligence or a defect in the Borden property is fatal. The district court properly granted summary judgment dismissing plaintiff's claims against defendants.[6] See

---

[5] Plaintiff appears to rely on an argument akin to the doctrine of *res ipsa loquitur* to carry his burden of proof. The doctrine of *res ipsa loquitur*, meaning "the thing speaks for itself," permits the inference of negligence on the part of the defendant from the circumstances surrounding the injury. ***Linnear v. CenterPoint Energy Entex/Reliant Energy***, 06-3030 (La. 9/5/07), 966 So.2d 36, 41. Because *res ipsa loquitur* is an exception to the general rule against presuming negligence based on the occurrence of an accident, it must be "sparingly applied." ***Bruno***, 381 So.3d at 810, n.3. For *res ipsa loquitur* to apply, the plaintiff must satisfy three criteria: (1) the injury is the kind that ordinarily does not occur in the absence of negligence; (2) the evidence must sufficiently eliminate other more probable causes of the injury, such as the conduct of the plaintiff or a third person; and (3) the alleged negligence of the defendant must fall within the scope of his duty to the plaintiff. ***Linnear***, 966 So.2d at 41. In this case, because plaintiff cannot recall how the accident occurred and he presented no other evidence to establish causation, the evidence does not sufficiently eliminate the possibility that the accident was caused by his own negligent conduct. Thus, *res ipsa loquitur* is inapplicable herein.

[6] Since we find the district court properly granted summary judgment dismissing plaintiff's claims against defendants on the issue of liability, it is unnecessary to address the district court's granting of Borden's second motion for summary judgment based on *res judicata*. Accordingly, it is also unnecessary to address the exception of lack of subject matter jurisdiction plaintiff filed with respect to that particular motion for summary judgment. See ***Bass***, ___ So.3d at ___, 2024 WL

La. C.C.P. arts. 966(D)(1) and 967(B). ***Bass***, ____ So.3d at ____, 2024 WL 3517677 at *5.

The existence of issues of fact on other matters raised by plaintiff, such as whether plaintiff was an invitee or a trespasser and whether Borden was negligent in maintaining its property, does not preclude summary judgment under the circumstances. A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. ***Primeaux v. Best Western Plus Houma Inn***, 18-0841 (La. App. 1st Cir. 2/28/19), 274 So.3d 20, 27. In this case, we have determined the lack of any factual support for the cause-in-fact element of plaintiff's claims is fatal to and requires the dismissal of those claims. Therefore, any remaining factual issues are no longer material because they cannot affect the outcome of this matter.

## CONCLUSION

For these reasons, the September 25, 2024 judgment of the district court is affirmed. All costs of this appeal are assessed to plaintiff, Jared Arthur Cunningham.

**AFFIRMED.**

---

3517677 at *5. In view of the dismissal of plaintiff's claims on the issue of liability, any issue regarding the district court's jurisdiction to hear Borden's motion for summary judgment based on *res judicata* is moot.